**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
WESTERN DIVISION**

| | |
|---|---|
| FIDEL SANCHEZ-CONTRERAS,<br><br>    Petitioner,<br><br>vs.<br><br>UNITED STATES OF AMERICA,<br><br>    Respondent. | **No. 10-CV-4008-DEO<br>08-CR-4079-DEO**<br><br>**MEMORANDUM OPINION AND ORDER** |

**I.    INTRODUCTION**

This matter is before the Court on Petitioner Fidel Sanchez-Contreras' pro se motion to vacate, set aside, or correct a sentence pursuant to 28 U.S.C. § 2255. Docket No. 1.

On April 24, 2009, Sanchez-Contreras pleaded guilty to Count 1 of the Indictment in Case No. 08-CR-4079-DEO. Count 1 charged Sanchez-Contreras with conspiracy to possess with the intent to distribute, and distribute, 500 or more grams of a methamphetamine mixture and 50 grams or more of actual (pure) methamphetamine, within 1,000 feet of an elementary school, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A) and 860. The Court held sentencing on July 21, 2009, and sentenced Sanchez-Contreras to the statutory mandatory minimum

sentence of 120 months after granting Sanchez-Contreras a variance of one month.

Sanchez-Contreras brings this habeas petition pursuant to 28 U.S.C. § 2255 and argues the following:

**Sentencing Claims**

**(1)** Sanchez-Contreras should have been safety valve eligible at sentencing;

**(2)** Sanchez-Contreras should not have been responsible for violating 21 U.S.C. § 860 because he did not know his co-conspirator distributed drugs within 1,000 feet of a school;

**(3)** The Court erred in sentencing Sanchez-Contreras to too long a term; and

**(4)** The convictions violated Sanchez-Contreras' rights under the Double Jeopardy Clause of the Fifth Amendment.

**Ineffective Assistance of Counsel Claims**

**(1)** Sanchez-Contreras received ineffective assistance of counsel because counsel did not inform him that he faced deportation if he was convicted.

**(2)** Sanchez-Contreras received ineffective assistance of counsel because counsel failed to notify the Mexican Consulate of Sanchez-Contreras' arrest, or failed to request that the

United States notify the Mexican consulate, in violation of Article 36 of the Vienna Convention on Consular Relations.[1]

**II. LAW AND ANALYSIS**

The subject matter grounds for relief under 28 U.S.C. § 2255 are:

> (1) that the sentence was imposed in violation of the Constitution or laws of the United States;
>
> (2) that the court was without jurisdiction to impose such sentence;
>
> (3) that the sentence was in excess of the maximum authorized by law; and
>
> (4) that the sentence is otherwise subject to collateral attack.

Jackson v. United States, 495 F.2d 349, 351 (8th Cir. 1974), (quoting Hill v. United States, 368 U.S. 424, 426-27 (1962)).

**A. Sentencing Claims**

Regarding Sanchez-Contreras' sentencing claims, such claims are procedurally barred because he did not raise them on direct appeal. "Section 2255 relief is not available to correct errors which could have been raised at trial or on

---

[1] The Vienna Convention can be located at http://untreaty.un.org/ilc/texts/instruments/english/conventions/9_2_1963.pdf

3

direct appeal, absent a showing of cause and prejudice, . . . or a showing that the alleged errors were fundamental defects resulting in a complete miscarriage of justice." Ramey v. United States, 8 F.3d 1313, 1314 (8th Cir. 1993) (citing United States v. Frady, 456 U.S. 152, 167-68 (1982)). Sanchez-Contreras did not appeal his conviction or sentence. Thus, his claims are barred unless he can show cause and prejudice, or show that the errors were fundamental defects resulting in a complete miscarriage of justice. He has not met his burden as to this respect. The Court is persuaded no errors occurred with respect to Sanchez-Contreras' sentencing claims.

**1. Whether Sanchez-Contreras Was Safety Valve Eligible at Sentencing**

Sanchez-Contreras was not safety-valve eligible pursuant to 18 U.S.C. § 3553(f) because he pleaded guilty to and was convicted of Count 1 of the Indictment pursuant to 21 U.S.C. § 860. Persons convicted pursuant to 21 U.S.C. § 860 are not eligible for safety-valve relief. United States v. Koons, 300 F.3d 985, 993 (8th Cir. 2002).

**2. Whether Sanchez-Contreras Was Responsible for Violating 21 U.S.C. § 860 Because He Did Not Know His Co-conspirator Distributed Drugs Within 1,000 Feet of a School**

Co-conspirator law does not require that Sanchez-Contreras knew his co-conspirator was within 1,000 feet of a school; rather, it only requires that the co-conspirator's actions were within the scope of the conspiracy, or were reasonably foreseeable as a necessary or natural consequence of the conspiracy. Pinkerton v. United States, 328 U.S. 640, 645-47 (1946); United States v. Pierce, 479 F.3d 546, 551-53 (8th Cir. 2006).

**3. Whether the Court Erred in Sentencing Sanchez-Contreras to Too Long a Term;**

This argument is without merit. The Court sentenced Sanchez-Contreras to the lowest sentence authorized by law pursuant to 21 U.S.C. § 841(b)(1)(A).

**4. Whether the Convictions Violated Sanchez-Contreras' Rights Under the Double Jeopardy Clause of the Fifth Amendment**

Sanchez-Contreras was not separately convicted under 21 U.S.C. § 860; rather, § 860 served as a sentencing enhancement

5

to his conviction under 21 U.S.C. § 841(a)(1). Thus, Sanchez-Contreras' conviction did not violate the Double Jeopardy Clause of the Fifth Amendment. United States v. Viands, 38 Fed. Appx. 880, 881 (4th Cir. 2002) (unpublished).

**B.   Ineffective Assistance of Counsel Claims**

The Sixth Amendment guarantees the right of the accused in criminal prosecutions to "the Assistance of Counsel for his defense." U.S. Const. amend. VI. "[T]he right to counsel is the right to effective assistance of counsel." Kimmelman v. Morrison, 477 U.S. 365, 377 (1986). Effective assistance is representation that "play[s] the role necessary to ensure that the trial is fair." Strickland v. Washington, 466 U.S. 668, 685 (1984). To show a constitutional violation of the right to counsel, a convicted defendant must show first that counsel's performance was deficient, and second, that counsel's errors prejudiced the defense. Strickland, 466 U.S. at 687. Thus, Strickland requires a showing of both deficient performance and prejudice. Id. However, a court "need not address the reasonableness of the attorney's behavior if the movant cannot prove prejudice." United States v. Apfel, 97 F.3d 1074, 1076 (8th Cir. 1996). Thus, although the two

prongs of the "ineffective assistance" analysis are described as sequential, courts "do not . . . need to address the performance prong if petitioner does not affirmatively prove prejudice." Boysiewick v. Schriro, 179 F.3d 616, 620 (8th Cir. 1999).

The applicable test for deficiency of performance is an objective standard of reasonableness. Strickland, 466 U.S. at 688. In Strickland, the Court stated we must assess reasonableness on all the facts of the particular case, we must view the facts as they existed at the time of counsel's conduct, and we must evaluate counsel's performance with a view to whether counsel functioned to assure adversarial testing of the state's case. Id. at 690. A court considering a defendant's attack on his conviction must be "highly deferential" in assessing whether counsel's course of conduct could be considered a sound trial strategy rather than an error and must "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Id. at 689. In other words, the burden of proof is on the petitioner to show that "his attorney's representation was unreasonable under prevailing professional

7

norms and that the challenged action was not sound strategy." Kimmelman, 477 U.S. at 384. "The question is whether there is a reasonable probability that, absent those errors, the fact finder would have had a reasonable doubt respecting guilt." Strickland, 466 U.S. at 695.

To prove ineffective assistance of counsel within the context of a defendant's guilty plea, the prejudice prong requires the petitioner to show "'there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial.'" United States v. Matthews, 114 F.3d 112, 114 (8th Cir. 1993) (quoting Hill v. Lockhart, 474 U.S. 52, 59 (1985)). With these principles in mind, the Court now will address each of Sanchez-Contreras' ineffective assistance of counsel claims.

**1. Whether Counsel Failed to Inform Sanchez-Contreras That He Faced Deportation if He Was Convicted**

Sanchez-Contreras is not a citizen of the United States, and as a result of his conviction, he is deportable. 8 U.S.C. § 1227(a)(2)(B)(I) ("Any alien who at any time after admission has been convicted of a violation of (or a conspiracy or attempt to violate) any law or regulation . . . (as defined in

8

section 802 of Title 21) . . . is deportable.").[2] The United States Supreme Court has stated "that counsel must inform [his] client whether his plea carries a risk of deportation." Padilla v. Kentucky, 130 S. Ct. 1473, 1486 (2010). Counsel who fails to provide such advice could be constitutionally deficient. Sanchez-Contreras argues counsel did not inform him he would be deported as a result of pleading guilty. Thus, he argues he received ineffective assistance of counsel.

At the hearing on Sanchez-Contreras' § 2255 petition, Sanchez-Contreras' counsel, Matthew Metzgar, testified he discussed deportation consequences with Sanchez-Contreras prior to Sanchez-Contreras' plea. He testified, however, that these discussions did not occur until later in the representation because Sanchez-Contreras initially had no intention to plead guilty. In discussing deportation consequences with Sanchez-Contreras, Metzgar testified that he informed Sanchez-Contreras it was "very probable" that Sanchez-Contreras would be deported. He testified that he did not inform Sanchez-Contreras he would "certainly" be deported

---

[2] An "alien" is defined as "any person not a citizen or national of the United States." 8 U.S.C. § 1101(a)(3).

because Sanchez-Contreras' wife and children were United States residents, and they had already considered consulting an immigration attorney. Additionally, Metzgar noted it was not his decision to make, so he could not tell Sanchez-Contreras he would certainly be deported. Metzgar testified that Sanchez-Contreras knew his deportation consequences before he entered his guilty plea.

The Court fully informed Sanchez-Contreras at the change of plea hearing that he may be deported if he pleaded guilty. Specifically, the Court stated: "[n]ow, you understand that if you plead guilty, it might affect your residency? By that, I mean that there's a pretty good chance you're going to be deported someday. Do you understand that?" Sanchez-Contreras answered, under oath, "[y]es." Case No. 08-CR-4079-DEO, Docket No. 141, at 12. Thus, the Court is persuaded Sanchez-Contreras knew of the deportation risks associated with pleading guilty. His claim of ineffective assistance of counsel as to this issue is without merit.[3]

---

[3] The Court notes that the government argues the Supreme Court's holding in <u>Padilla</u> is not retroactive, and thus, not applicable to this case. The Court need not address the retroactive effect of <u>Padilla</u>. Even if <u>Padilla</u> was
(continued...)

## 2. Whether Counsel was Ineffective for Failing to Notify the Mexican Consulate of Sanchez-Contreras' Arrest, or Whether Counsel Should Have Requested That the United States Notify the Mexican Consulate

The Vienna Convention on Consular Relations "is an international treaty that governs relations between individual nations and foreign consular officials." Sanchez-Llamas v. Oregon, 548 U.S. 331, 336 (2006).

> Article 36 imposes three separate obligations on a detaining authority: (1) inform the consulate of a foreign national's arrest or detention without delay; (2) forward communications from a detained national to the consulate without delay, and (3) inform a detained foreign national of "his rights" under Article 36 without delay.

Osagiede v. United States, 543 F.3d 399, 402 (7th Cir. 2008).

Sanchez-Contreras alleges his counsel should have notified the Mexican consulate of Sanchez-Contreras' arrest, or that he should have requested that the United States notify the Mexican consulate. Article 36 of the Vienna Convention,

---

³(...continued)
retroactive, Metzgar's representation did not fall below objectively reasonable standards.

11

however, imposes no duty on defense counsel to notify a consulate as to the arrest of a foreign national. This duty is imposed solely on the government detaining the foreign national.

The Court would not transfer a duty imposed on the United States to appointed counsel. While counsel would have done his client a good service by contacting the United States and confirming that it notified the Mexican consulate, his failure to do so did not fall below an objective standard of reasonableness. Thus, Sanchez-Contreras' ineffective assistance of counsel claim as to this issue is without merit.

### C. Certificate of Appealability

Ordinarily, under 28 U.S.C. § 2253(c)(2), the district court may issue a certificate of appealability, which will allow a petitioner to appeal the denial of his § 2255 petition. The district court should only issue a certificate of appealability if "'the applicant has made a substantial showing of the denial of a constitutional right.'" Slack v. McDaniel, 529 U.S. 473, 483 (2000) (citing 28 U.S.C. § 2253(c)); see also Miller-El v. Cockrell, 537 U.S. 322, 336

(2003). In Slack, the Supreme Court defined "substantial showing" as follows:

> To obtain a [certificate of appealability] under § 2253(c), a habeas prisoner must make a substantial showing of the denial of a constitutional right, a demonstration that . . . includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were "'adequate to deserve encouragement to proceed further.'" Barefoot, 463 U.S., at 893, and n.4, 103 S. Ct. 3383, 77 L. Ed. 2d 1090 (sum[ming] up the "substantial showing" standard).

Slack, 529 U.S. at 483-84; see also Miller-El, 537 U.S. at 336; Garrett v. United States, 211 F.3d 1075, 1076-77 (8th Cir. 2000). Additionally, where a court rejects a federal habeas petition on procedural grounds, the petitioner must show "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack, 529 U.S. at 484.

While this Court is always of the opinion that its orders should be reviewable, the Court is not persuaded that reasonable jurists could debate whether Sanchez-Contreras'

13

§ 2255 petition should have been resolved differently. Sanchez-Contreras has provided no evidence supporting a claim sufficient for this Court to find that his counsel, Matthew Metzgar, was ineffective. Additionally, Sanchez-Contreras' remaining claims are procedurally barred and without merit.

Even though this Court will not issue a certificate of appealability, this Court informs Sanchez-Contreras that he may request issuance of a certificate of appealability by a circuit judge of the United States Court of Appeals for the Eighth Circuit. The Eighth Circuit will then separately determine whether to issue Sanchez-Contreras a certificate of appealability.

**D. Motion for Reduction of Sentence**

Sanchez-Contreras brought a motion in Case No. 08-CR-4079-DEO for a reduction of sentence pursuant to recent amendments to the United States Sentencing Guidelines. Docket No. 145. This Court will deny this motion, however, as it sentenced Sanchez-Contreras to the minimum sentence allowed under the United States Code. The amendments to the United

States Sentencing Guidelines did not affect statutory provisions in the United States Code.

**III.     CONCLUSION**

For the reasons stated herein, this Court finds no permissible reason pursuant to 28 U.S.C. § 2255 to correct, vacate, or set aside Sanchez-Contreras' conviction or sentence in this case.

**IT IS THEREFORE HEREBY ORDERED** as follows:

**(1)** Sanchez-Contreras' motion to vacate, set aside, or correct a sentence pursuant to 28 U.S.C. § 2255 (Docket No. 10), is **denied**.

**(2)** Sanchez-Contreras' pro se motion for reduction of sentence, in Case No. 08-CR-4079-DEO (Docket No. 145), is **denied**.

**IT IS SO ORDERED** this 16th day of March, 2011.

_____
Donald E. O'Brien, Senior Judge
United States District Court
Northern District of Iowa